## CONTINENTAL ILLINOIS NAT. BANK & TRUST CO. OF CHICAGO v. UNITED STATES.

### No. 7601.

Circuit Court of Appeals, Seventh Circuit.

Nov. 25, 1941.

Stephen A. Cross and Waldemar A. Solf, both of Chicago, Ill., for appellant.

J. Albert Woll, U.S. Atty., of Chicago, Ill., Julius C. Martin, Asst. Atty. Gen., and Wm. M. Lytle, Asst. U. S. Atty., of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

---

MINTON, Circuit Judge.

The question presented by this appeal is whether the automatic insurance granted men in service by Sec, 401 of War Risk Insurance Act of 1917, 41 Stat. 375, is granted by Sec. 307, World War Veterans' Act, 46 Stat. 1001, 1002, 38 U.S.C.A. § 518, the same immunity from contest as is accorded the insurance issued to the service man pursuant to his own application.

In the case at bar, the soldier did not apply for insurance, and his representative now depends upon what it terms automatic insurance under Sec. 401. Sec. 401 reads as follows: "* * * Any person in the active service on or after the 6th day of April, 1917, and before the 11th day of November, 1918, who, while in such service, and before the expiration of one hundred and twenty days after October 15, 1917, * * * becomes or has become totally and permanently disabled, or dies or has died, without having applied for insurance, shall be deemed to have applied for and to have been granted insurance, payable to such person during his life in monthly installments of $25 each; * * *."

Sec. 307 reads as follows: "Sec. 307 [§ 518]. All contracts or policies of insurance heretofore or hereafter issued, reinstated, or converted shall be incontestable from the date of issuance, reinstatement, or conversion, except for fraud, nonpayment of premiums, or on the ground that the applicant was not a member of the military or naval forces of the United States, and subject to the provisions of section 23 [447 of this title]: * * * Provided further, That this section shall be deemed to be effective as of April 6, 1917, and applicable from that date to all contracts or policies of insurance."

It is stipulated that the soldier in the case at bar was totally and permanently disabled from dementia praecox when inducted into service May 22, 1917, and when discharged December 27, 1917, and still is. The soldier is represented by his conservator, the plaintiff-appellant.

The courts have held that Sec. 307 prevents the Government from contesting with a soldier under a contract, or policy, of insurance issued pursuant to application by the soldier, the fact that his disability existed at the time he was inducted into service. United States v. Patryas, 303 U. S. 341, 58 S.Ct. 551, 82 L.Ed. 883; Byrd v. United States, 10 Cir., 106 F.2d 821, 126 A.L.R. 425.

Sec. 307 very properly prevented the Government from contesting with the soldiers the fact that they were disabled when inducted into service, as that was not one of the grounds for contest provided in the statute. It will be observed that insurance had been *issued* in the above cases on applications made by the soldiers. They did not depend upon the so-called automatic insurance, but had insurance *issued* to them upon their own application. In the case at bar, the soldier did not apply for insurance, and therefore no insurance *had issued* on his application. He depends entirely upon the so-called automatic insurance under Sec. 401.

The question, therefore, is whether there was any insurance issued under Sec. 401 that could be protected by Sec. 307. Before any insurance could issue at all under Sec. 401 upon which Sec. 307 might operate, two conditions had to be present: first, service within certain dates fixed in the statute; and, second, disability must have arisen "while in such service." The soldier in the case at bar could not meet the second condition, namely, that the disability arose "while in * * * service," as it was admitted his disability arose prior to and existed on the date he was inducted into service. Therefore, no contract of insurance issued to him upon which Sec. 307 could operate. As a condition precedent to the operation of Sec. 307, there had to issue a contract, or policy, of insurance. No such contract or policy issued by application of the soldier, and one could not issue automatically because the soldier was not disabled while in service. He had no insurance. The difference between him and the soldiers in the Patryas and Byrd cases is that Patryas and Owens each had insurance. It is the difference between insurance and no insurance. Sec. 307 could protect insurance from contest where *issued,* but it could not *issue* the contract of insurance and also protect it. Sec. 401 had to cause the insurance to issue if it was to issue, and this, we hold, did not happen because the soldier was not disabled while in such service.

The case is affirmed.